**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GONZALO GARCIA-MELCHOR,

    Defendant - Appellant.

No. 16-2248
(D.C. No. 2:16-CR-03041-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Gonzalo Garcia-Melchor accepted a Fed. R. Crim. P. 11(c)(1)(C) plea

agreement and pleaded guilty to one count of reentry of a removed alien, in violation

of 8 U.S.C. § 1326(a) & (b). He was sentenced to 15 months of imprisonment, at the

low end of the applicable Sentencing Guidelines range. Although the plea agreement

contained an appeal waiver, he appealed. The government has moved to enforce the

appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004)

(en banc) (per curiam).

_____

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Garcia-Melchor's counsel filed a motion to withdraw and a brief under *Anders v. California*, 386 U.S. 738, 744 (1967), indicating that he could identify no non-frivolous argument to oppose the government's motion. We gave Mr. Garcia-Melchor the opportunity to respond to his counsel's submission. *See id.* He informed the court that he was unhappy with his sentence; he understood from his attorney that he would receive a shorter sentence.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325. Our independent review of the record, *see Anders*, 386 U.S. at 744, does not reveal any non-frivolous arguments regarding the waiver.

First, we consider the scope of the waiver. *Hahn*, 359 F.3d at 1325. Mr. Garcia-Melchor's waiver is broad, covering "the right to appeal the defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement." Mot. to Enforce, Exh. 1 at 5. Mr. Garcia-Melchor's 15-month sentence conformed to the parties' agreement, and therefore a challenge to the sentence falls within the scope of the waiver. To the extent that Mr. Garcia-Melchor believes his counsel rendered ineffective assistance, such a claim would be outside the scope of the waiver. *See id.* at 6. But it has long been the rule that ineffective-assistance claims generally should be raised in collateral proceedings under 28 U.S.C. § 2255, *see United States v. Galloway*,

56 F.3d 1239, 1240 (10th Cir. 1995) (en banc), and "[t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel," *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005); *see also Hahn*, 359 F.3d at 1327 n.13.

We next consider whether the waiver was knowing and voluntary. *Hahn*, 359 F.3d at 1325. In evaluating this factor, we generally examine the language of the plea agreement and the adequacy of the Fed. R. Crim. P. 11 plea colloquy. *Id*. It is Mr. Garcia-Melchor's burden "to provide support for the notion that he did not knowingly and voluntarily enter into his plea agreement." *Id.* at 1329.

In his plea agreement, Mr. Garcia-Melchor acknowledged that his plea was voluntary and not the result of force or threats or promises, other than the promises in the plea agreement itself. He also acknowledged that he was voluntarily entering into the appeal waiver. Similarly, during the plea colloquy, he denied that anyone had made promises or threats to him and asserted that he was entering his plea knowingly and voluntarily. And during the colloquy the court particularly addressed the appeal waiver, securing Mr. Garcia-Melchor's assurance that he had gone over the waiver with his attorney and understood it. On this record, there is no non-frivolous argument that the waiver was not knowing and voluntary.

Finally, we consider whether enforcing the waiver would result in a miscarriage of justice. *Id.* at 1325, 1327. A miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the

3

waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327 (internal quotation marks omitted). Only ineffective assistance of counsel appears to be potentially implicated here. As stated above, however, any such allegations should be raised in a § 2255 proceeding. *See Porter*, 405 F.3d at 1144; *Hahn*, 359 F.3d at 1327 n.13.

For these reasons, we conclude it is "wholly frivolous" for Mr. Garcia-Melchor to oppose the motion to enforce in this direct appeal. *Anders*, 386 U.S. at 744. The motion to enforce is granted, without prejudice to Mr. Garcia-Melchor raising allegations of ineffective assistance of counsel in a 28 U.S.C. § 2255 motion. The motion to withdraw is granted. This matter is dismissed.

Entered for the Court
Per Curiam

4